**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-25-01194-001-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Juan Manuel Duran-Flores, | |
| Defendant. | |

Defendant, who is being represented by a Criminal Justice Act ("CJA") panel attorney (Doc. 19), has been indicted on one count of reentry of removed alien, in violation of 8 U.S.C. § 1326.  (Doc. 29.)

One of the elements of that offense is that Defendant is an alien.  *United States v. Parga-Rosas*, 238 F.3d 1209, 1211 (9th Cir. 2001).  Defendant believes he is not an alien because he acquired derivative citizenship via his father.  (Doc. 48.)  Thus, if this case goes to trial, Defendant "may present evidence of derivative citizenship" and "the question of derivative citizenship" will be, "under our legal system, one to be decided by a jury." *United States v. Smith-Baltiher*, 424 F.3d 913, 922-23 (9th Cir. 2005).

During a recent status conference, Defendant stated that he also intends to pursue his claim of derivative citizenship via other channels.  (*See also* Doc. 60 ["Defendant will seek to have his citizenship recognized by . . . the Department of Homeland Security or the State Department."].)  The government, in turn, indicated during the status conference that if Defendant succeeds in securing such a determination of derivative citizenship, it will

dismiss the pending § 1326 charge.

These developments provide the backdrop for two motions now pending before the Court.  First, Defendant has filed an amended motion to dismiss the indictment on the ground that he is not an alien (by virtue of his derivative citizenship). (Doc. 48.) Defendant also requests an evidentiary hearing.  (*Id.*)  The government opposes Defendant's motion on the grounds that "it improperly challenges the sufficiency of the evidence" and that "the relief sought is more appropriate for [a] Rule 29 motion."  (Doc. 57 at 2-3, capitalization omitted.)  In reply, Defendant acknowledges that the government's response raises "many well taken points about a defendant not being able to seek a directed verdict before trial" and contends that "this Court should either delay ruling on this motion or if ruling against Mr. Duran-Flores give leave for a future filing after a citizenship determination from either Homeland Security or the Department of State." (Doc. 65.)

Under *Smith-Baltiher*, the question of derivative citizenship must be decided by the jury at trial.  Defendant cannot effectively seek summary judgment on that issue before trial.  *United States v. Cruikshank*, 2006 WL 8439694, *1 (C.D. Cal. 2006) ("Criminal defendants are not afforded an opportunity to move for pretrial summary judgment.  This motion seeks dismissal for insufficiency of the evidence before such evidence has been introduced at trial.  Such dismissal would be entirely improper.") (citations omitted).  Thus, Defendant's amended motion to dismiss is denied without prejudice.

Second, defense counsel has filed an *ex parte* motion for permission "to be paid under the Criminal Justice Act for work done on an ancillary proceeding directly related to the current charge." (Doc. 61 at 1.)  More specifically, defense counsel wishes to assist Defendant in "seek[ing] recognition of his citizenship status from either the Department of Homeland Security by filing a form [N-600][1] or from the State Department by filing a petition for a passport." (*Id.*)

Under 18 U.S.C. § 3006A(c), "[a] person for whom counsel is appointed shall be

---

[1]    The motion uses the term "form – 600," but defense counsel presumably meant to say "Form N-600," which is the "Application for Certificate of Citizenship" form utilized by United States Citizenship and Immigration Services ("USCIS").    *See* https://www.uscis.gov/sites/default/files/document/forms/n-600.pdf

- 2 -

represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." Thus, defense counsel's funding request turns on whether his proposed activities (*i.e.*, filing a Form N-600 on Defendant's behalf with USCIS and filing a passport application on Defendant's behalf with the State Department) qualify as "ancillary matters appropriate to the proceedings."

Under the unique circumstances of this case, the Court concludes that they so qualify. In conducting this inquiry, it is helpful to consider the "Guidelines for Administering the CJA and Related Statutes" ("the Guidelines") promulgated by the Judicial Conference of the United States. *See* https://www.uscourts.gov/administration-policies/judiciary-policies/criminal-justice-act-cja-guidelines. Although the Guidelines "may not be binding on the lower courts, they are 'at the very least entitled to respectful consideration.'" *Hollingsworth v. Perry*, 558 U.S. 183, 193 (2010). *See also In re Berger*, 498 U.S. 233, 234 ("Guidelines developed by the Judicial Conference . . . support this interpretation."); *Perez v. Barr*, 957 F.3d 958, 968 n.10 (9th Cir. 2020) ("Our perspective is also reflected in the Administrative Office of the United States Courts' implementing policy and guidelines for CJA appointments . . . ."). *But see Banks v. Secretary, Fla. Dept. of Corrections*, 647 F. App'x 910, 913 n.4 (11th Cir. 2016) ("The plain language of a statute trumps contradictory language in advisory guidelines.").

Under § 210.20.30(b) of the Guidelines, "[i]n determining whether a matter is ancillary to the proceedings, the court should consider whether the matter, or the issues of law or fact in the matter, arose from, or are the same as or closely related to, the facts and circumstances surrounding the principal criminal charge." That requirement is satisfied here because the issue to be addressed in the anticipated ancillary proceedings (*i.e.*, whether Defendant is entitled to derivative citizenship, such that he is not an alien) is the same or closely related to the facts and circumstances surrounding the pending § 1326 charge. *Cf. United States v. Martinson*, 809 F.2d 1364, 1370 (9th Cir. 1987) (where a public defender was appointed to represent a criminal defendant, the defendant's guns were seized pursuit

to the indictment, the indictment was subsequently dismissed, and the public defender then filed a motion for return of the seized guns, concluding that it was "irrelevant whether [the] motion for return of the property was technically filed as a criminal or a civil matter" and that "[t]he motion was sufficiently related to the 1977 criminal case as to be considered an 'ancillary' proceeding for purposes of 18 U.S.C. § 3006A(c)").

Next, under § 210.20.30(c)(2) of the Guidelines, "[i]n determining whether representation in an ancillary matter is appropriate to the proceedings, the court should consider whether such representation is reasonably necessary to accomplish, among other things," the objective of "contribut[ing] in some significant way to the defense of the principal criminal charge." Although the Court is skeptical that this requirement would be automatically satisfied whenever a § 1326 defendant hopes to pursue a parallel claim of derivative citizenship in an administrative forum, it is satisfied here in light of the government's concession that it will dismiss the pending § 1326 charge if Defendant succeeds in being recognized as a citizen via either his N-600 application or his passport application.

Next, § 210.20.30(d) of the Guidelines cautions that "[t]he scope of representation in the ancillary matter should extend only to the part of the ancillary matter that relates to the principal criminal charge and to the correlative objective sought to be achieved in providing the representation," but that limitation is not an issue here given defense counsel's avowal that his work will be limited to helping Defendant prepare and file the two forms.

Finally, the Court acknowledges that § 210.20.50 of Guidelines identifies various "[c]ases or proceedings which are not covered by or compensable under the CJA." Subdivision (d) provides:

> Administrative proceedings before [USCIS], removal or deportation proceedings before the Immigration Court, review of the Immigration Court's decision by the Board of Immigration Appeals, and judicial review by the federal courts of appeals of petitions for review from these administrative decisions. **But see**: § 210.20.30 (ancillary matters) and § 210.20.20(a)(2) (habeas corpus cases).

- 4 -

*Id.*   At first blush, § 210.20.50(d)'s reference to "[a]dministrative proceedings before [USCIS]" may appear to undermine at least the portion of defense counsel's request that seeks permission to assist Defendant in preparing and filing a Form N-600 with USCIS.[2] However, in the Court's view, the better reading of § 210.20.50(d) is that it merely creates a default rule against authorizing compensation under the CJA for work on administrative proceedings before USCIS, which may be overcome (as recognized in the "**But see**" clause) if the USCIS proceeding is so closely intertwined with the criminal proceeding that it qualifies as an "ancillary matter" under § 210.20.30.  Such is the case here, for the reasons set forth in the preceding paragraphs.

Accordingly,

**IT IS ORDERED** that:

1.    Defendant's amended motion to dismiss the indictment (Doc. 48) is **denied**.

2.    Defense counsel's "Ex Parte Motion to Allow Counsel To Represent Defendant In An Ancillary Proceeding Under The Criminal Justice Act" (Doc. 61) is **granted**.

Dated this 1st day of April, 2026.

_____
Dominic W. Lanza
United States District Judge

---

[2]    In contrast, the Court cannot see how this language would preclude the request to assist Defendant in filing a passport application with the State Department.